AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| United States of America<br>v.<br>ALFREDO ALDECO, a/k/a "Freddy Aldeco"<br>EMILIO RIVERA, a/k/a "Male Rivera"<br><br>_Defendant(s)_ | )<br>)<br>)  Case No.  18-CR-3154-MGM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 14, 2018__ in the county of __Hampden__ in the _____ District of __Massachusetts__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1951 | Interference with commerce by robbery |
| 18 U.S.C. Section 2 | Aiding and abetting |

This criminal complaint is based on these facts:

See attached affidavit of Special Agent John H. McKee, Bureau of Alcohol, Tobacco, Firearms, and Explosives

☑ Continued on the attached sheet.

_____
_Complainant's signature_

John H. McKee, Special Agent, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 11/20/2018

_____
_Judge's signature_

City and state: Springfield, MA

Katherine A. Robertson, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT OF SPECIAL AGENT JOHN H. MCKEE
## IN SUPPORT OF CRIMINAL COMPLAINT

I, JOHN H. MCKEE, being duly sworn, depose and state as follows:

1. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2501(7), and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

2. I have been a Special Agent ("SA") with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since 2016 and am currently assigned to the ATF Boston Field Office's Springfield Resident Office. In 2016, I completed an approximately twelve-week intensive Criminal Investigator Training Program and a fourteen-week ATF training course at the Federal Law Enforcement Training Center in Glynco, Georgia. During the course of my employment with the ATF, I have received specialized training regarding the activities of firearms trafficking and various aspects of firearms investigations.

3. In addition to my training, I have experience in investigating narcotics and firearm traffickers' activities. I have been a member of the ATF's Springfield Task Force (the "Task Force") since 2016. Since joining the ATF, I have participated in approximately 30 narcotics investigations, both as a case agent and in subsidiary roles, regarding the distribution of controlled substances including cocaine, heroin, cocaine base, and other illegal substances. I have also participated in more than 40 firearms investigations, both as case agent and in subsidiary roles, regarding the distribution and possession of firearms, including the use of firearms in connection with drug distribution, as well as the illegal interstate and international trafficking of firearms. On a number of occasions, I have also debriefed informants, conducted surveillance, and participated in the preparation and execution of search warrants and arrest warrants. I have further served as

the affiant and participated in the execution of numerous search warrants, and participated in court-authorized Title III wiretaps of cellular phones.

4. Prior to working with the ATF, I was employed as an Investigative Specialist with the United States Federal Bureau of Investigation ("FBI") for approximately seven years. During that time, I was assigned to the Special Surveillance Group/Mobile Surveillance Teams of the San Francisco and Boston Field Divisions. In 2009, I completed an approximately ten-week intensive training program that consisted of training in foot and vehicular surveillance techniques, covert communications, tactical emergency vehicular operations, defensive tactics, counterterrorism investigations, and counterintelligence investigations. During my employment with the FBI, I participated in more than approximately 100 counterintelligence and terrorism investigations and received extensive training in those fields. I participated in many temporary duty assignments that involved traveling to various locations within the boundaries of the United States to assist in high-priority surveillance operations in support of a variety of case types investigated by the FBI.

5. I make this affidavit in support of an application for a Criminal Complaint charging Alfredo ALDECO, a/k/a "Freddy Aldeco" ("ALDECO") and Emilio RIVERA, a/k/a "Male Rivera" ("RIVERA") with interference with commerce by robbery, in violation of 18 United States Code Section 1951, and aiding and abetting, in violation of 18 United States Code Section 2.

6. 18 United States Code, Section 1951(a) states that it is unlawful for any person who:

> in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

Section 1951(b)(1) defines "robbery" as:

2

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

7. 18 United States Code, Section 2 states:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

8. The information contained within this affidavit is based upon my own investigation and upon information provided to me by other law enforcement officers. Where conversations or statements of others are related herein, they are related in substance and in part. Moreover, because this affidavit is submitted for a limited purpose, I have not set forth every fact that I have learned in the course of the investigation.

### *PROBABLE CAUSE*

9. The ATF is leading a criminal investigation into a series of at least nine armed robberies that have taken place between October 25, 2018 and November 14, 2018. These armed robberies have occurred primarily at convenience stores located in the following towns in western Massachusetts: Holyoke, Chicopee, Florence (Northampton), West Springfield, and Agawam. Based on similarities in the modus operandi, physical descriptions of the suspects, a unique type of firearm brandished during the crimes, and a specific vehicle observed at multiple robberies, investigators believe the same individuals are conducting these armed robberies. The robberies are ongoing and have occurred with frequency over the past several weeks. The most recent robbery known to the ATF occurred within less than a week before the date of this application.

10. Local police departments investigating each robbery have made the following

3

observations, which suggest the same suspects committed multiple robberies. In each of the armed robberies, a minimum of two suspects have been observed. In some robberies, two suspects entered the convenience store. In others, one suspect entered the convenience store, and another suspect remained outside the convenience store near the entrance. The suspects wore hooded sweatshirts or jackets with the hood pulled up, with a flat brim baseball cap underneath and, in most cases, a scarf to hide their facial features. Witnesses have described at least one of the suspects as having an accent of Hispanic origin. In each robbery, a suspect brandished a distinctive long-barreled, black firearm-type object. For each robbery, investigators viewed convenience store and nearby surveillance videos when available. The surveillance videos showed a suspect who appears to be the same person across multiple robberies. In the robberies where local police have secured video surveillance footage from sources nearby to the convenience stores, the surveillance footage showed the suspects escaping after the robberies in a light colored Chevrolet Equinox. From each of these armed robberies, the suspects have left the scene after forcing the clerks at gunpoint to relinquish in total approximately $7,375 in cash.

11.     On November 14, 2018, at approximately 10:35 p.m., West Springfield Police Department ("WSPD") officers were dispatched to a report of an armed robbery ("ROBBERY 9") of a convenience store in West Springfield, Massachusetts (the "Store"). The store clerk (the "Clerk") gave descriptions of a suspect and the firearm used in the robbery that closely matched the descriptions of a suspect and the brandished firearm common to the prior robberies which occurred in Holyoke, Chicopee, Florence (Northampton), West Springfield, and Agawam since October 25, 2018.

12.     WSPD Officers interviewed the Clerk at the scene and WSPD Detective Nicole Hebert later obtained his signed statement. The Clerk stated as follows: The robber ("SUSPECT

1," who would later be identified as ALDECO) was a skinny African American or Hispanic male in his mid-20s to mid-30s, with a beard, standing between 5 feet 8 inches and 5 feet 11 inches tall, and wearing a black hoodie. SUSPECT 1 walked up to the cash register and asked the Clerk for all the money. SUSPECT 1 then pointed a long-barreled black firearm at the Clerk and told him to empty out the register. The Clerk emptied the register, which contained about $222 in cash, and handed it to SUSPECT 1. SUSPECT 1 then asked if there was another register, and the Clerk responded that there was not. SUSPECT 1 became agitated and yelled at the Clerk to give him lottery tickets and cigarettes. The Clerk gave SUSPECT 1 a handful of packs of Newport cigarettes. The Clerk then heard another male in the background ("SUSPECT 2," who would later be identified as RIVERA), who said, "Hurry up, let's go." The robber then said to the Clerk, "If you call the cops, I will come back and kill you," and ran out of the store towards the south side of the building.

13. At approximately 10:45 p.m., Detective Hebert viewed video surveillance footage of the robbery with the Store manager. The video surveillance footage from the store was consistent with the Clerk's statement. The video surveillance footage showed a skinny darker-skinned man pointing a long-barreled black gun at the Clerk demanding money and another more heavyset lighter-skinned man standing inside the entrance of the convenience store. Both men were wearing dark hoodie sweatshirts with the hoods pulled up and black flat-brimmed baseball hats, but without scarves covering their mouths.

14. A light-colored Chevrolet Equinox (the "Equinox") was spotted at several robberies. On or about November 15, 2018, Holyoke Police Department ("HPD") Detectives Jared Hamel and Michael Everett navigated to the Facebook profile page of "Emilio Rivera" after viewing his Facebook profile name on a Facebook page of the individual who was the registered

owner of the Equinox. HPD Detectives viewed a "Facebook live" video that was originally recorded on November 25, 2016. In this video, a male appearing to be RIVERA stated "this is my boy Freddy..." The video then showed a male next to RIVERA, with whom Detectives Hamel and Everett were familiar. Detectives Hamel and Everett identified the male next to RIVERA as Alfredo "Freddy" ALDECO.

15. On November 20, 2018, I spoke with ATF TFO Reardon, who told me that he had reviewed the video surveillance footage from ROBBERY 9. TFO Reardon stated that he could tentatively identify SUSPECT 1 in the video surveillance footage of ROBBERY 9 as ALDECO, with whom he was familiar. TFO Reardon was familiar with ALDECO through his prior law enforcement interactions with ALDECO. In a 2013-2014 HPD case of an armed assault with a knife, in which ALDECO was involved, a fugitive warrant was issued for ALDECO's arrest. TFO Reardon assisted in taking ALDECO into custody pursuant to that warrant. TFO Reardon was also familiar with ALDECO from a 2006 illegal firearms investigation in which ALDECO and others were subjects.

16. On November 20, 2018, I spoke with ATF TFO Gino Viamari, who told me that he had reviewed the video surveillance footage from ROBBERY 9. ATF TFO Viamari stated that he could tentatively identify SUSPECT 2 in ROBBERY 9 as RIVERA, with whom he was familiar. TFO Viamari was familiar with RIVERA through his prior law enforcement interactions with RIVERA. For example, TFO Viamari had several interactions with RIVERA over the course of a 2015 narcotics trafficking investigation, which TFO Viamari led.

17. Throughout the investigation, I obtained video surveillance footage from the robberies that occurred between October 25, 2018 and November 14, 2018. Particularly, I reviewed a still photograph from the video surveillance footage from a robbery that occurred at a

convenience store in Holyoke, Massachusetts, on October 30, 2018. I have compared this still photograph with the video surveillance footage of the ROBBERY 9, and believe that the images of the gun-toting robber are of the same individual. I have also compared these images to the Massachusetts Driver's License photograph of ALDECO, and I believe all three images are of the same individual.

18. ALDECO and RIVERA took from the Store four packs of Newport Shorts cigarettes, which I know through my training and experience and from other agents with whom I work are manufactured outside of Massachusetts.

19. Based on my training and experience, convenience stores that sell goods and gasoline, like the Store, are supplied by distributors and gas companies that are located outside of Massachusetts.

## CONCLUSION

20. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that ALDECO and RIVERA violated 18 U.S.C. § 1951 by interfering with commerce by robbery and 18 U.S.C. § 2 by aiding and abetting.

_____
John H. McKee
Special Agent, ATF

Subscribed and sworn to before me on this 20th day of November, 2018.

_____
HON. KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE